IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON COFIELD | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB 09-1569 |
| STATE OF MARYLAND, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Aaron Cofield ("Cofield") filed the current lawsuit in the Circuit Court for Baltimore City against the State of Maryland ("Maryland"), Mary Ann Saar ("Saar"), Frank C. Sizer Jr., ("Sizer"), William O. Filbert Jr., ("Filbert"), Jack Cragway ("Cragway"), Dwight Johnson ("Johnson"), and several unknown correctional employees and inmates (together "Defendants"). On June 15, 2009, Defendants Cragway and Johnson filed a Notice of Removal pursuant to 28 U.S.C. § 1441. Cofield has since moved this Court to remand this case to the Circuit Court for Baltimore City on the basis that the Defendants' removal was untimely under 28 U.S.C. § 1446. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the following reasons, Plaintiff Cofield's Motion for Remand (Paper No. 10) is GRANTED.

## **BACKGROUND**

On February 23, 2009, Aaron Cofield filed the present action alleging tort and civil rights claims under state and federal law in the Circuit Court for Baltimore City. Cofield's claims

relate to his allegations that he was assaulted by two fellow inmates while serving time as an inmate at the Central Laundry Facility in Sykesville, Maryland.

Maryland was served through its Attorney General's Office and the State Treasurer's Office on or about March 20, 2009, making it the first-served defendant in the case.[1]  Defendants Filbert, Sarr and Sizer were independently served in the following weeks.  Finally, Defendants Cragway and Johnson were served on May 19, 2009.  On June 15, 2009, Defendants Cragway and Johnson filed a Notice of Removal (Paper No. 1), and on July 1, 2009, Cofield filed the pending Motion to Remand (Paper No. 10).

## STANDARD OF REVIEW

As the removing parties, Defendants bear the burden of proving that this Court has federal jurisdiction.  *Lloyd v. General Motors Corp.*, 560 F. Supp. 2d 420, 422 (D. Md. 2008). This includes establishing compliance with the removal statute's requirements.  *See Marler v. Amoco Oil Co.*, 793 F. Supp. 656, 658-59 (E.D.N.C. 1992) ("Defendant bears the burden of establishing the right to removal, including compliance with the requirements of [28 U.S.C.] § 1446(b).").  Courts must narrowly interpret removal jurisdiction because of the significant federalism concerns that are raised by removing proceedings from state court; accordingly, all doubts are resolved in favor of remand.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

## DISCUSSION

The federal removal statute provides in relevant part:

[A]ny civil action brought in a State court of which the district courts of the
United States have original jurisdiction, may be removed by the defendant or the

---

[1] Defendants claim that Maryland was served on March 23, 2009, whereas Plaintiff contends that Maryland was served on March 20, 2009.  However, this disagreement is immaterial as it is undisputed that Maryland failed to remove within 30 days of being served.

>defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). To perfect this process the removing party is required to file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). However, the statute does not state when the thirty-day limitation begins to run in multiple defendant cases.

Cofield argues that remand is necessary because Defendants Cragway and Jonson did not file their Notice of Removal until June 15, 2009—over one hundred days after the first-served defendant in this case, the State of Maryland, was served. Cofield contends that the removal statute mandates that the first-served defendant petition for removal within thirty days, and that due to Maryland's failure in this regard, all Defendants lost their opportunity to remove. Defendants, on the other hand, claim that under the applicable statutes, the failure of an earlier-served defendant to timely petition for removal does not bar later-served defendants from removing. They maintain that later-served defendants may properly petition for removal within 30 days of being served.[2]

The issue presented in this case—whether a first-served defendant's failure to file a notice of removal within thirty days of being served renders a later-served defendant's removal invalid—has not been definitively resolved by the United States Supreme Court and has produced a split of opinion among the Circuits. Nevertheless, the overwhelming majority of district courts in the Fourth Circuit have held that remand is required under the present circumstances. *See, e.g., Rivera v. Miller*, 2009 U.S. Dist. LEXIS 65281, at *4 (D. Md. July 29,

---

[2] This more liberal position, referred to as the "last-served" defendant rule, is followed by the Sixth and Eighth Circuits. *See Marano Enterprises v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999).

2009); *Ford v. Baltimore City Dep't of Soc. Servs.*, 2006 U.S. Dist. LEXIS 83239, at *9 (D. Md. Nov. 13, 2006); *Jackson v. John Akridge Mgmt. Co.*, 2006 U.S. Dist. LEXIS 659, at *2 (D. Md. Jan. 9, 2006); *Guyon v. Basso*, 403 F. Supp. 2d 502 (E.D. Va. Dec. 8, 2005); *Branch v. Coca-Cola Bottling Co. Consol.*, 83 F. Supp. 2d 631, 637 (D.S.C. 2000). *But see Ratliff v. Workman*, 274 F Supp. 2d 783, 791 (S.D. W. Va. 2003).

These decisions were guided by the United States Court of Appeals for the Fourth Circuit's opinion in *McKinney v. Bd. of Trs. of Maryland Com. Col.*, 955 F.2d 924 (4th Cir. 1992). In *McKinney*, the Fourth Circuit held that "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." 955 F.2d at 928. The court added that "the first served defendant clearly must petition for removal within thirty days [of service]" in order for removal to be valid. *Id.* at 926. In a footnote, the court reiterated that "[i]f [a first-served defendant] does not petition for removal within 30 days, the case may not be removed." *Id.* at 926 n.3. Defendants contend that these statements should be disregarded as no more than superfluous *dictum*. However, this Court finds that the statements should instead be afforded substantial weight. *See Branch v. Coca-Cola Bottling Co. Consol.*, 83 F. Supp. 2d 631, 634-35 (D.S.C. 2000) (Shedd, J.) (noting that "as a general principle, a federal district court is required to give great weight to the pronouncements of its Court of Appeals, even though those pronouncements appear by way of dictum" (internal quotation omitted)). *McKinney* has repeatedly been recognized as the controlling statement on this issue by district courts in the Fourth Circuit.

## CONCLUSION

Maryland's failure to remove within 30 days of service constituted a defect in the removal for all Defendants. Consequently, Cofield's Motion to Remand (Paper No. 10) is

GRANTED and this case will remanded to the Circuit Court for Baltimore City.  A separate Order follows.


Date : October 5, 2009                                          /s/_____
                                                                Richard D. Bennett
                                                                United States District Judge